COLLIN & GISSEL *v.* UNITED STATES

**No. 5527.**—Invoices dated Berlin, Germany, September 28, 1935, etc.
Certified October 3, 1935, etc.
Entered at Houston, Tex., November 13, 1935, etc.
Entry No. 465–H, etc.

(Decided December 22, 1941)

*Philip Stein* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement involve the proper dutiable value of certain Christmas-tree ornaments exported from Germany and imported at the port of Houston, Tex.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments in question were exported from Germany during the period from September 1, 1935, to September 30, 1937.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra*.

(4) That the extra charge of 2½ per centum appearing on the invoice herein is the usual 2½ per centum inside packing charge applying to this line of merchandise.

(5) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that on the dates of exportation of the instant merchandise Christmas-tree ornaments, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries.

Accordingly, I hold as matter of law that the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, plus 2½ per centum inside packing, plus, when not included in such *per se* unit invoice prices, all other costs of cases and packing and the cost of all other containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.